BROOKS *v.* VERMONT CENT. R. Co. and another.

*(Circuit Court, D. Vermont. October 31, 1884.)*

JURISDICTION OF CIRCUIT COURT — FORECLOSURE OF RAILROAD MORTGAGE AND APPOINTMENT OF RECEIVER IN STATE COURT—ACTION BY BONDHOLDER FOR ACCOUNTING.

The Consolidated Railroad Company of Vermont was formed by the organization of the bondholders of the Vermont Central Railroad Company after the foreclosure of the mortgage on the road, and the appointment of a receiver in a proceeding in the state court of Vermont. The holder of a large amount of the bonds, which were not surrendered into the reorganization, filed a bill in the circuit court of the United States to compel the Consolidated Railroad Company to account with him for the railroad property, to which the company pleaded that the road was in the hands of a receiver appointed by and accountable to the chancery court of the state having jurisdiction. *Held,* on demurrer, that the plea was not sufficient.

In Equity.

*Francis A. Brooks,* for orator.

*Benjn. F. Fifield,* for defendants.

WHEELER, J.    The bill shows, in substance, that the defendant the Vermont Central Railroad Company was the mortgagor of the Vermont Central Railroad; that the mortgage was foreclosed; that the defendant the Consolidated Railroad Company of Vermont was formed by the organization of the bondholders after the foreclosure; that the orator is the holder of a large amount of the bonds which were not surrendered into the reorganization; and that the defendant the Consolidated Railroad Company refuses to account with him for the railroad property.    The prayer of the bill is for such account.    The Vermont Central Railroad Company has demurred to the bill.    The Consolidated Railroad Company has pleaded that the road and property are in the hands of a receiver appointed by and accountable to the court of chancery of the state having jurisdiction.    The demurrer and plea have been argued.    The rights of the mortgagor were all extinguished by the foreclosure.    This was the very object of that proceeding.    No further relief in respect to the mortgaged property could be had against that corporation.    It had no interest there to defend or protect, or which could be attacked or reached.    The bill is brought expressly to reach and adjust rights which accrued upon the foreclosure.    The mortgagor is wholly indifferent as to their adjudication as attempted, and not a necessary or proper party thereto. Its demurrer is therefore sustained.

Under the statutes of the state upon which the bill is founded, the orator has the rights of a tenant in common with the corporation formed of the other bondholders, to the estate and property acquired by the foreclosure, subject to the right of that corporation, as between them, to the possession, and to receive the income for itself and as trustee for such co-tenants.    Rev. Laws Vt. § 3471.    The bill is brought to reach the share of the income which the corporation may so have received for the orator, and not at all to reach or touch the possession of the property itself.    No decree which is sought or can be passed would interfere in any way with the jurisdiction of the state court or possession of its receiver.    The bill is framed to proceed entirely outside of those.    It seeks an account of any income received, without regard to the method of its receipt, from the mortgaged property; and a decree, if had, would be a mere money decree, like a personal judgment against the corporation.    The receivership does not appear to stand at all in the way of such a proceeding.    The plea of the receivership merely does not show, therefore, good cause for not answering the bill.    Income may have been derived from the receiver itself, and if so, its source would be no excuse for not dividing it with any to whom a share of it may belong.    A plea wholly denying anything to be accountable for might be good.    This plea has been carefully scrutinized to ascertain whether it amounts to that; and it does not appear to.    The plea may be true in point of fact, and still

something have been received of which the orator may be entitled to a share. Therefore, the plea does not appear to be sufficient.

Demurrer of Vermont Central Railroad Company sustained. Plea of Consolidated Railroad Company overruled; that defendant to answer over by December rule-day.